Filed 3/13/14  P. v. Furbush CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>KENNETH FURBUSH,<br><br>　　Defendant and Appellant. | B249109<br><br>(Los Angeles County Super. Ct. No. BA403241) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Clifford L. Klein, Judge.  Affirmed.

　　　　Law Offices of Sarah A. Stockwell and Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Kenneth Furbush was convicted by jury of possession of marijuana for sale in violation of Health and Safety Code section 11359. Defendant admitted suffering two prior convictions under the three strikes law (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The trial court sentenced defendant to the midterm of two years, doubled under the three strikes law, for a total of four years in prison.

Defendant filed a timely notice of appeal. This court appointed counsel for defendant. Appointed counsel filed a brief raising no issues but requested this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised by letter from this court dated January 23, 2014, of his right to file a supplemental brief within 30 days. The 30-day period has lapsed and no brief has been received.

Our review of the record indicates that substantial evidence supports the judgment. Defendant engaged in a physical struggle with law enforcement officers at a train station after he was found to be in possession of an invalid "Tap" card used to pay the train fare. He was subdued and handcuffed. A strong odor of unburned marijuana emanated from defendant. A search of his backpack revealed the presence of 12 baggies of marijuana, which in the opinion of an expert witness, were possessed for the purpose of sale.

Our review further reveals that defendant was fully advised of his rights and the consequences of admitting his prior convictions under the three strikes law. The sentence imposed by the trial court was within the range of judicial discretion provided by law.

There are no arguable appellate contentions in this case. The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


       KRIEGLER, J.


We concur:


       TURNER, P. J.              MOSK, J.